UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM EUGENE FIELDS,

                Petitioner,

    v.

ED TROYER,

                Respondent.

Case No. C22-05638-TSZ-SKV

REPORT AND RECOMMENDATION

This is one of three federal habeas actions filed in August 2022 by Petitioner William Eugene Fields under 28 U.S.C. § 2254.[1] Petitioner, proceeding *in forma pauperis*, filed this petition for a writ of habeas corpus on August 22, 2022, challenging three separate 2012 state court convictions for unlawful possession of a controlled substance. Dkts. 1, 6. These convictions were vacated on June 8, 2021, due to a change in the law under *State v. Blake*, 197 Wn.2d 170, 195 (Wash. 2021). Dkts. 7, 13-4, 13-5, 13-6. Having considered the parties' submissions, the balance of the record, and the governing law, the Court concludes that Petitioner is not "in custody" for the challenged convictions and recommends that this action be DISMISSED for lack of subject matter jurisdiction.

---

[1] *See Fields v. Troyer*, No. 3:22-cv-05593-JRC (challenging a 2015 conviction); *Fields v. Troyer*, No. 3:22-cv-05639-DWC (challenging a 2013 conviction). The Court takes judicial notice of its own records.

REPORT AND RECOMMENDATION - 1

I.     BACKGROUND

On September 14, 2012, Petitioner pled guilty to three counts of unlawful possession of a controlled substance in three separate cases in Pierce County Superior Court. Dkts. 13-1 (*State v. Fields*, No. 12-1-01723-1), 13-2 (*State v. Fields*, No. 12-1-01778-8), 13-3 (*State v. Fields*, No. 12-1-03266-3). In each case, he was sentenced to 12 months and 1 day confinement, with 24 days of credit for time served, followed by 12 months of community custody. *Id*. Each judgment and sentence referenced the other two cases and specified that the sentences were to run concurrently. *Id*. Petitioner did not appeal. *See* Dkt. 7.

In 2021, the Washington State Supreme Court held that Washington's felony drug possession statute, Wash. Rev. Code § 69.50.4013, imposed strict liability for unintentional, unknowing possession of controlled substances in violation of the due process requirements of the state and federal constitutions. *Blake*, 197 Wn.2d at 195. Pursuant to *Blake*, Petitioner's three 2012 convictions were vacated by the state court on June 8, 2021. Dkts. 13-4, 13-5, 13-6.

On August 22, 2022, Petitioner initiated this federal action challenging the three vacated convictions. Dkt. 1. He contends that his constitutional rights were violated when he was convicted and sentenced to a term of confinement for a "non-existent crime," as evidenced by *Blake*. Dkt. 7 at 5, 7, 8, 10. As relief, he requests that the Court dismiss two criminal cases pending against him in Pierce County Superior Court and award him money damages.[2] *Id.* at 15. On December 5, 2022, Respondent filed, and served on Petitioner, an answer and relevant

---

[2] On March 11, 2022, Petitioner was charged with unlawful possession of a firearm (*State v. Fields*, No. 22-1-00739-9), and possession of a stolen firearm and unlawful possession of a firearm (*State v. Fields*, No. 22-1-00888-3). Dkts. 13-7, 13-8. At the time he filed this federal action, Petitioner was incarcerated at Pierce County Jail pending resolution of these 2022 state charges. Dkt. 1. He has since submitted a change of address indicating that he is now housed at Washington State Correction Center in Shelton, Washington. Dkt. 16. He does not claim that his vacated 2012 convictions have any relation to the 2022 charges, nor is any connection evident to the Court. *See* Dkt. 7.

portions of the state court record. Dkts. 12, 13. Petitioner did not file a response to the answer.

## II. DISCUSSION

Respondent argues that the petition should be dismissed because: (1) Petitioner is not "in custody" for the purposes of § 2254; (2) Petitioner's monetary claims do not state a cognizable basis for habeas relief; and (3) any request for dismissal of pending charges is barred by the *Younger*[3] Abstention Doctrine. Dkt. 12.

A petitioner must be "in custody pursuant to the judgment of a State court" at the time a habeas challenge is filed. 28 U.S.C. § 2254(a). More precisely, a petitioner must be "in custody" for the specific conviction or sentence under attack when he files his federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). This "in custody" requirement is jurisdictional and therefore is the first question the Court must consider. *Bailey v. Hill,* 599 F.3d 976, 978 (9th Cir. 2010). Although a petitioner need not be physically confined to challenge his sentence on habeas corpus, if the conviction or sentence under attack is fully expired at the time the petition is filed, he does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492.

On September 14, 2012, Petitioner was sentenced a total of 12 months and 1 day of incarceration and 12 months of community custody. Dkts. 13-1, 13-2, 13-3. He was credited 24 days for time served. *Id*. Therefore, if Petitioner served his entire sentence, he would have been released from incarceration on August 22, 2013, and his term of community custody would have expired on August 22, 2014. Petitioner did not file this federal habeas petition until August 22, 2022, eight years after the challenged 2012 state convictions were fully expired. *See* Dkt. 1.

Petitioner has not responded to Respondent's answer and has not shown that his confinement on the date he filed the petition was a result of the 2012 state court convictions.

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

REPORT AND RECOMMENDATION - 3

Further, as the 2012 convictions have been vacated, Petitioner has not shown the convictions are a factual predicate of his current confinement. Therefore, Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254(a), and the Court lacks jurisdiction over this case. The Court recommends that this petition be dismissed.[4]

### III. EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, the Court finds it is not necessary to hold an evidentiary hearing because the petition may be resolved on the existing record.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

---

[4] Because the Court lacks jurisdiction over this case, the Court declines to consider Respondent's remaining arguments.

REPORT AND RECOMMENDATION - 4

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability with respect to this petition.

## V. CONCLUSION

The Court recommends Petitioner's petition for a writ of habeas corpus be denied without an evidentiary hearing and this action be dismissed with prejudice. The Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

## VI. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 24, 2023**.

Dated this 30th day of January, 2023.

S. KATE VAUGHAN
United States Magistrate Judge